**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT HARRIS,** | ) | **CASE NO. 1:24 CV 2054** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CITY OF WILLOUGHBY,** | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Robert Harris filed this action to contest his prosecution in the Willoughby Municipal Court on charges of failure to display license plates and have proper registration for his motor vehicle.  *See City of Willoughby v. Harris*, No. 23TRD02196 (Willoughby Mun. Ct. May 11, 2023).  Defendant has filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6), asserting that Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Doc. No. 5).

## I.    Background

On April 19, 2023, Plaintiff was stopped by Willoughby police for driving a vehicle without a valid license plate or registration.  Although Plaintiff's filing is composed almost entirely of obscure, incomprehensible and legally meaningless rhetoric, he appears to claim that the City of Willoughby subjected him to an unreasonable search and seizure when its officers stopped him and cited him for driving a vehicle with fictitious plates and failing to provide proof of registration. He contends that municipalities can only enforce vehicle license and registration statutes on commercial vehicles.  He claims he was driving a private vehicle and therefore not subject to these

state traffic laws.  He claims that the municipal court had no jurisdiction to prosecute him.  He also contends his seizure was unreasonable because the officers referred to him as a sovereign citizen. He claims his prosecution and conviction violated his constitutional rights, and he seeks monetary damages.

The Defendant has moved to dismiss this case. (Doc. No. 5).  They indicate that Plaintiff was convicted of the charges in Case No. 23TRD02196 on May 11, 2023, and his claims challenging his arrest, prosecution and conviction are bared by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  Defendant also asserts that this case is barred by *res judicata*.  They indicate that Plaintiff filed a civil complaint in state court seeking injunctive relief from potential efforts to collect the fine assessed against him in Case No. 23TRD02196.  He asserted that the trial court in the traffic case did not have jurisdiction over him because he was not required to be licensed as the driver of a private vehicle.  *See Harris v. City of Willoughby*, No. 2024-L-032, 2024 WL 4262263 (Ohio App. 11 Dist. Sep. 23, 2024).  There, the City of Willoughby filed a Motion to Dismiss, claiming Plaintiff was not entitled to injunctive relief because he had not alleged facts suggesting he would suffer irreparable harm if the injunction on potential fine collection were not granted.  The trial court summarily granted the Motion and dismissed the case on March 21, 2024. Plaintiff appealed that decision to the Ohio Eleventh District Court of Appeals.  *Id.*  The Ohio Appellate Court upheld the decision of the trial court stating that Plaintiff had not demonstrated irreparable harm.  *Id.*  Defendant asserts that the state court injunction case bars litigation of this case in federal court.

## II.     Legal Standard and Analysis

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claims.  *See Mayer*

*v. Mulod*, 988 F.2d 635, 638 (6th Cir.1993); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) Motion to Dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (same).  When determining whether a Plaintiff has stated a claim upon which relief may be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations to be true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A Plaintiff is not required to prove, beyond a doubt, that the factual allegations in the Complaint entitle him to relief but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id*. at 555.  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the Plaintiff pleads content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. Making this determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

It is apparent that Plaintiff's case is barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994); and therefore, the Court need not analyze Defendant's alternative *res judicata* argument.  *Heck* stands for the principle that a criminal Defendant cannot challenge his arrest, prosecution, or conviction in a civil rights action for damages if a judgment in his favor would cast doubt on the

validity of his conviction or sentence.  Before a plaintiff may seek to recover damages for allegedly unconstitutional conviction or imprisonment, the plaintiff must prove that the conviction or sentence was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Heck*, 512 U.S. at 486.

A claim for damages that challenges a conviction or sentence that has not been invalidated is not cognizable under § 1983.  When an individual seeks damages in a § 1983 lawsuit that attacks a conviction or sentence, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.  If it would, then the Complaint must be dismissed unless, for example, the underlying conviction or sentence has already been invalidated.  In addition, if the Court determines that the plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, then the action should be allowed to proceed, in the absence of some other bar to the lawsuit.

In this case, Plaintiff claims his arrest was unreasonable under the Fourth Amendment and the trial court denied him due process in the criminal proceedings because it lacked subject matter jurisdiction to prosecute him or convict him.  These claims, if found to have merit, would cast doubt on the validity of his underlying conviction.  Therefore, he must demonstrate that his conviction was overturned on appeal or was called into question by the issuance of a writ of habeas corpus.  The Complaint fails to present any such allegations.  Rather, it appears that his conviction still stands.  He cannot proceed with these claims in a civil rights action, and this action will be dismissed.

### III.    Conclusion

Accordingly, the Defendant's Motion to Dismiss (Doc. No. 5) is granted and this action is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 20, 2025                                          *David A. Ruiz*
                                                           DAVID A. RUIZ
                                                           UNITED STATES DISTRICT JUDGE

5